IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| SYSCO FOOD SERVICES – GULF COAST, INC. ) ) ) Plaintiff, ) ) v. ) ) MANNA CAFÉ, INC. and STEPHEN E. ) DUGGAR, JR., ) ) Defendants. ) ) | RECEIVED 2007 MAY -2 P 4:54 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA. CIVIL ACTION NO: 1:07-CV-374-WK |

## AMENDED COMPLAINT

**COMES NOW** SYSCO Food Services - Gulf Coast, Inc. ("SYSCO"), Plaintiff in the above-styled action, and for its Complaint against Defendants, Manna Café, Inc., and Stephen E. Duggar, Jr., alleges as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. There is complete diversity of the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Personal jurisdiction and venue are proper in this Court, as the action involves goods being ordered and shipped from Geneva County, Alabama.

### PARTIES

3. SYSCO is a food service distributor incorporated under the laws of the State of Delaware, having its principal place of business in Geneva, Alabama. SYSCO does business via a distribution center and plant located within the Middle District of Alabama.

4. On information and belief, Defendant Manna Café, Inc. is incorporated under the laws of the state of Florida and has its principal place of business in Tallahassee, Florida, but does business in the Middle District of Alabama.

5. Defendant Stephen E. Duggar, Jr., is a resident and citizen of the State of Florida, who has held the position of Owner and President of Manna Café, Inc., at all times material hereto. Defendant also does business in the Middle District of Alabama.

## BACKGROUND

6. Defendants applied for credit with SYSCO on or about May 6, 2002. A copy of the credit agreement is marked "Exhibit A" and attached hereto.

7. Shortly thereafter, credit terms were agreed upon and Plaintiff began providing products to Defendants on open account shipped from Geneva, Alabama.

8. By 2005, Defendants' account was in arrears. Over the course of the next several months, the parties operated under a promissory note whereby Defendants paid $1,000.00 monthly to Plaintiff in an effort to diminish the outstanding balance.

9. Defendants' debt continued to grow above and beyond the monthly payments, such that by January 2007 they had grown to over $89,000. *See* Billing Records, marked "Exhibit B" and attached hereto.

10. Plaintiffs continued their efforts to enforce the promissory note and collect on this debt; however, Defendants refused to respond and litigation became necessary.

11. An actual controversy exists between SYSCO and Defendants as to the issue of damages under the terms of the credit agreement.

## COUNT I

## OPEN ACCOUNT

4. The Plaintiff adopts by reference and re-alleges paragraphs 1 through 3 of Plaintiff's Complaint as if set out fully herein.

5. The Defendants entered into an agreement to obtain products from the Plaintiff, in exchange for payment on open account for the products provided. *See* Exhibit A.

6. Defendants currently owe a balance of $89,664.08, plus interest, accumulated at 18% annually, and costs, penalties and attorneys' fees to SYSCO. *See* Exhibit B.

WHEREFORE, the Plaintiff demands judgment against Defendants for $89,664.08, plus interest, costs, penalties and attorneys' fees as required by the Credit Agreement.

## COUNT II

## BREACH OF CREDIT AGREEMENT

7. The Plaintiff adopts by reference and re-alleges Paragraphs 1 through 6 and Count I of Plaintiff's Complaint as if set out fully herein.

8. Defendant Manna Café, Inc. has failed to timely make payment to U. S. Foodservice, Inc. under the terms of the Credit Agreement. *See* Exhibit B.

WHEREFORE, the Plaintiff demands judgment against Defendants in the amount of $89,664.08 plus interest, costs, and attorney's fees as required by the Credit Agreement.

## COUNT III

## MONIES OWED

9.  The Plaintiff adopts by reference and re-alleges Paragraphs 1 through 8 and Count I and Count II of Plaintiff's Complaint as if set out fully herein.

10. Plaintiff demands that Defendants pay the sum of $89,664.08, plus interest, costs, penalties and attorneys' fees to the Plaintiff to recover monies owed to Plaintiff by Defendants.

WHEREFORE, the Plaintiff demands judgment against Defendants in the amount of $89,664.08 plus interest, costs, penalties and attorneys' fees as required by the Credit Agreement.

## COUNT IV

## ACCOUNT STATED

11. Plaintiff adopts by reference and re-alleges Paragraphs 1 through 10 of Plaintiff's Complaint as if set out fully herein.

12. There exists an account stated between Plaintiff and Defendants. Upon the most recent statement, a balance exists amounting to the sum of $89,664.08 plus interest, penalties, costs and attorneys' fees was found due to Plaintiff from Defendants.

13. Defendants agreed to pay the sum of $89,664.08 plus interest, penalties, costs and attorneys' fees to Plaintiff under the terms of the credit agreement.

14. No part of the $89,664.08 has been paid nor has any interest on such sum been paid. There is now due, owing and unpaid from the Defendants to Plaintiff on the account stated the sum of $89,664.08 plus interest, costs, penalties and attorneys' fees.

WHEREFORE, the Plaintiff demands judgment against Defendants for $89,664.08, plus interest, costs, penalties and attorneys' fees as required by the Credit Agreement.

## COUNT V - UNJUST ENRICHMENT

15. Plaintiff adopts by reference and re-alleges paragraphs 1 through 14 of Plaintiff's Complaint as if fully set out herein.

16. Plaintiff enriched the Defendant by providing the Defendants products valued at $89,664.08.

17. Defendants did not pay for the products, and were therefore unjustly enriched.

18. It would be unjust and inequitable to allow the Defendants to avoid paying for the food service products provided by the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against Defendants for $89,664.08, plus interest, costs, penalties and attorney's fees.

*[signature]*

D. MITCHELL HENRY (HEN046)
KIMBERLY S. DESHAZO (SHU022)
Attorneys for Plaintiff SYSCO Food
Services – Gulf Coast, Inc.

OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0239
Telephone: (334) 264-9472
Facsimile: (334) 264-9599

This Summons and Complaint may be served on Defendants by certified mail at the following addresses:

Manna Café, Inc.
3507 Thomasville Road
Tallahassee, FL 32308

Stephen E. Duggar, Jr.
3343 Bodmin Drive
Tallahassee, FL 32317

# EXHIBIT A

**WE'D LIKE YOUR SHIPPING AND BILLING ADDRESSES:**

3/6/02

SHIP TO: Manna Cafe Inc

BILL TO: Same

ADDRESS:

CITY, STATE, ZIP:

[DBA] TRADE NAME:

ADDRESS: 3507 Thomasville Rd

ACCOUNTS PAYABLE CONTACT:

CITY, STATE, ZIP: Tall, Fl 32308

ACCOUNTS PAYABLE PHONE NO.:

PHONE NO.: 850-668-1968

EMAIL ADDRESS:

ACCOUNTS PAYABLE FAX NO.:

**TELL US THE FACTS ABOUT YOUR BUSINESS:**

NEW OWNER? ☒ YES ☐ NO  PURCHASE DATE: 4/1/02  LENGTH OF PRESENT OWNERSHIP: Same

BUILDING/FACILITIES: ☒ OWNED ☐ LEASED  OWNER'S NAME: Stephen Duggar

☐ PROPRIETORSHIP ☐ PARTNERSHIP ☐ LIMITED PARTNERSHIP ☒ CORPORATION ☐ LIMITED LIABILITY COMPANY ☐ NON-PROFIT

**PROVIDE THE FOLLOWING INFORMATION FOR INDIVIDUAL PROPRIETORS, GENERAL PARTNERS OR CORPORATE OFFICERS:**

NAME AND TITLE: Stephen Duggal Pres.

HOME ADDRESS: 1342 Pawnee Pt Ct.

CITY, STATE, ZIP: Tall, Fl 32312

HOME PHONE NO.: 850-893-0001

SOCIAL SECURITY NO.: 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

DRIVER'S LICENSE NO.: D260-785-74-099-1

**LET US KNOW WHAT YOU NEED FROM US:**

TYPE OF BUSINESS: ☒ RESTAURANT/FINE DINING ☐ FAST FOODS ☐ FAMILY ☐ INSTITUTIONAL ☐ HOTEL/MOTEL ☐ SEATING CAP.___ ☐ HOSPITAL ☐ NURSING HOME  NUMBER OF BEDS___ ☐ OTHER___

GENERAL INFORMATION: WEEKLY PURCHASES $15,000.00  MONTHLY SALES VOLUME $___  NUMBER OF EMPLOYEES___

TERMS REQUESTED: ☐ COD ☒ WEEKLY ☐ ___

**FILL US IN ON WHO YOUR BANKER IS:**

BANK NAME: Premier

ADDRESS:

CITY, STATE, ZIP: Tall, Fl

LOAN OFFICER: Jack Kane

PHONE NO.:

CHECKING (ACCOUNT NO.): 063000021 20000 13963077

BALANCE:

LOANS (ACCOUNT NO.):

BALANCE:

**GIVE US A FEW REFERENCES, FOOD DISTRIBUTORS PREFERRED:**

BUSINESS NAME: Sysco Food Svcs - Jax

STREET ADDRESS: *Wharf Rest*

CITY, STATE, ZIP: 19/676

PHONE NO.:

ACCOUNT NO.:

PLAINTIFF'S EXHIBIT A  tabbies



## TERMS AND CONDITIONS

*This Customer Account Application ("[App]lication") is made to Sysco Corporation; The Sygma [Net]work, Inc.; FreshPoint, Inc. and each of their respective subsidiaries and affiliates (collectively "Sysco") for the purpose of inducing Sysco to extend credit accommodations to the Applicant named below, and in accordance with the following terms:*

1. Upon approval of this Application, Sysco, in its sole discretion, and notwithstanding any request of Applicant, shall have the right to terminate Applicant's credit privileges under this Application at any time without prior notice to Applicant, except as otherwise provided by law.

2. All purchases by Applicant of goods and/or services from Sysco will be made in accordance with the terms and conditions of this Application and any invoices and/or other documents evidencing Applicant's obligations to Sysco, all of which are incorporated herein by this reference.

3. The entire outstanding balance due to Sysco on all invoices shall become due in full immediately upon default in the payment of any invoice. Applicant agrees to pay interest in the amount of 1.5% per month, or the highest rate permitted by law, whichever is less, on any past due amounts until collected, and Applicant agrees to pay all costs of collection incurred by Sysco, including attorneys' fees and expenses, should a default in payment or any other obligation of Applicant to Sysco occur.

4. If this Application is not fully approved or if any other adverse action is taken with respect to Applicant's credit with Sysco, Applicant has the right to request within 60 days of Sysco's notification of such adverse action, a statement of specific reasons for such action, which statement will be provided within 30 days of said request. To obtain the statement of specific reasons, please contact our credit department. The Federal Equal Credit Opportunity Act prohibits creditors from discrimination against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance programs; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning the creditor is the Federal Trade Commission, Washington, D.C.

5. This Application and all transactions between Applicant and Sysco shall be governed by and interpreted in accordance with the laws and decisions of the state where Sysco's operating company which provided this Application is located, without regard to the conflicts of law provisions thereof and all actions and proceedings arising from, relating to or in connection with this Application shall be subject to the exclusive jurisdiction of said state.

6. If Applicant ceases doing business with Sysco for any reason, Applicant will immediately purchase from Sysco all remaining proprietary/special order items in Sysco's inventory.

7. Applicant expressly agrees that Sysco shall not be responsible for any product nonconformity as to quantity, quality, or price, unless noted on the original delivery receipt at the time of delivery or unless Sysco is notified in writing of any such nonconformity within three (3) days of delivery, by certified mail return receipt requested.

9. Except as to quantity of goods ordered, no terms and conditions set forth in any purchase order or other form of Applicant will apply to sales by Sysco to Applicant.

The approximate initial amount of credit that Applicant requires per month shall not be binding upon Sysco, nor shall Sysco incur liability by granting, reducing, increasing or refusing such amount. Applicant hereby certifies that the information furnished under this Application and any other financial statements furnished in connection herewith, is true and correct and that this information is being furnished to Sysco for the purpose of inducing Sysco to extend credit to Applicant, and understands that Sysco intends to rely upon such information. Applicant understands and agrees to be bound by the above terms and all invoices and other documents furnished by Sysco from time to time, all of which are incorporated herein by reference, and to advise Sysco of any material change in the information provided herein, including but not limited to, change of ownership, address or telephone number. Applicant understands that Sysco will retain this Application whether or not it is approved. Applicant hereby authorizes Sysco to check Applicant's and Applicant's principals' credit history and trade, bank and personal references (whether or not referenced in this application.) for customary credit information, to confirm the information contained on this Application, including but not limited to, sending a copy herof to the trade and bank references, and to release information to other creditors regarding Applicant's credit experience with Sysco.

MANNA CAFE INC.
APPLICANT: (FULL FIRM NAME)

Stephen Duggar - President                                X [signature]        5-5-02
BY AUTHORIZED AGENT: PRINTED NAME & TITLE                  [SIGNATURE & DATE]

## INDIVIDUAL PERSONAL GUARANTEE

The undersigned, ("Guarantor"), having a financial interest in Applicant, and benefiting from the transactions contemplated by this Application, hereby personally guaranties the payment by Applicant to Sysco Corporation; The Sygma Network, Inc.; FreshPoint, Inc. and each of their respective subsidiaries and affiliates (collectively "Sysco") of all amounts due and owing now, and from time to time hereafter, from Applicant to Sysco (the "Liabilities"). Guarantor expressly waives notice from Sysco of its acceptance and reliance on this Guarantee, notice of sales made to Applicant, and notice of default by Applicant. The obligations of Guarantor hereunder shall not be affected, excused, modified or impaired upon the happening, from time to time of any event. No set-off, counterclaim or reduction of any obligation, or any defense of any kind or nature which Guarantor has or may have against Applicant or Sysco shall be available hereunder to Guarantor against Sysco. In the event of a default by Applicant on its obligations to Sysco, Sysco may proceed directly to enforce its rights hereunder and shall have the right to proceed first against Guarantor, without proceeding with or exhausting any other remedies. Guarantor in consideration of Sysco extending financial accommodation to Applicant, hereby waives and relinquishes any rights of indemnification, contribution, reimbursement or exoneration which may be asserted against Applicant if Guarantor performs his or her obligations under this guarantee and Guarantor understands the benefit of such rights. Guarantor agrees to pay all fees, costs and expenses, including reasonable attorneys' fees, which may be incurred by Sysco in enforcing this Guarantee or protecting its rights following any default on the part of Guarantor. This Guarantee shall be binding upon Guarantor and Guarantor's heirs, successors, assigns, representatives and survivors, and shall inure to the benefit of Sysco; and its affiliates and may be assigned by Sysco without notice to Guarantor. A certified letter to Sysco - Jacksonville is required to remove any person(s) from the liability of the Terms & Conditions Agreement and the Individual Personal Guarantee. This Guarantee shall be governed by and interpreted under the laws and decisions of the state where Sysco's operating company which provided this Application is located, without regard to the conflicts of law provisions thereof (the "Applicable State"). Guarantor and Sysco irrevocably agree, and hereby consent and submit to the non-exclusive jurisdiction of any state or federal court located in the Applicable State with regard to any actions or proceedings arising from, relating to or in connection with the Liabilities and this Guarantee. If executed by more than one, the obligations of Guarantor shall be joint and several and all references to the singular shall be deemed in the plural.

_____                        _____
PRINT NAME                                        SIGNATURE & DATE

_____                        _____
PRINT NAME                                        SIGNATURE & DATE

USE OF A CORPORATE TITLE SHALL IN NO WAY LIMIT THE PERSONAL LIABILITY OF THE PERSONAL GUARANTEE SIGNATORY.

## AUTHORIZATION FOR CREDIT REPORT

The undersigned is executing this Authorization for Credit Report individually for the purpose of authorizing Sysco to obtain a consumer credit report from time to time on the undersigned individual(s) through credit and consumer reporting agencies or other sources, in order to further evaluate the creditworthiness of such individual in connection with the credit evaluation process and the proposed extension of business credit to the Applicant. The undersigned, as an individual, hereby knowingly consents to the use of such credit report in accordance with the federal fair credit reporting act as contained in 15 U.S.C. §1681, et seq., as amended from time to time.

Stephen Duggar                                    X [signature]        - 5-5-02
PRINT NAME                                        SIGNATURE & DATE

For Sysco's Use Only
Notwithstanding the signature below of a sales representative, evidencing only the optional review of the foregoing, the credit department of Sysco shall in no way be bound thereby to grant upon this Application or extend credit to Applicant.

Scott Russell        Scott Russell           Scott Russell        5/6/02
SALES REPRESENTATIVE NAME                         SIGNATURE & DATE

TO BE COMPLETED BY THE MARKETING ASSOCIATE

MARKETING ASSOCIATE _S. Russell_    SALES ID# _F J_    PRICE RULE _P1_

SUBSTITUTIONS          PARTIAL MILES            HOURS OF OPERATION _6:30A - 10:00p_
YES ( ) NO ( )         YES (✓) NO ( )

EXCEPTIONS TO DELIVERY HOURS _No deliveries - 10:30A - 1:00p_

CALL DAY _M H_

DELIVERY DAY _M W F_

POTENTIAL WKLY SALES _$15,000_

CURRENT: WAREWASH SUPPLIER _Ecolab_    BEVERAGE SUPPLIER _Pepsi_

**PURCHASER'S BLANKET RESALE AND EXEMPTION CERTIFICATE**

This is to certify that all tangible property purchased after _5/6/02_ from SYSCO FOOD SERVICE - Jacksonville, Inc.
                                                            Date

Is or was purchased for the following purposes as checked in the space provided:

( ) Resale or rentals as personal property.

(✓) To be incorporated as material or part of other tangible property to be produced for sale by manufacturing, assembling, processing or refining.

( ) Use by religious, educational or charitable institution under the provisions of rule 318-1.01(4)

This certificate is to continue in force until revoked by written notice to the supplier and the state revenue department.

PURCHASER: _Manna Cafe Inc_    BY: _[signature]_
                                    SIGNATURE AND TITLE

ADDRESS: _3507 Thomasville Rd_    DATE: _5/6/02_

_Tall, Fl 32308_    STATE OF: _Fl_

                                                            PURCHASER'S CERTIFICATE NUMBER

_Leon_
COUNTY

※ Copy of Resale Tax Cert ※

At SYSCO, we're dedicated to providing the finest foodservice products available.
We take pride in offering you a broad variety of products of the highest value, always at a competitive price.
That's our commitment to you. That's service excellence.

**SYSCO**
**Jacksonville**

# Exhibit B

Case 1:07-cv-00374-WKW-TFM    Document 2-3    Filed 05/02/2007    Page 1 of 5

```
 1/25/07    13:46:20         Credit Inquiry              ARGCCD02   ARDCCD02
 Co   164 + Shp        378364 + Sort MANNA CAFE PROMI CR.Limit              .00
 MANNA CAFE PROMISSORY NOTE    Sts.: ON STOP           Expires . :
 3507 THOMASVILLE ROAD         Base Currency . :   USD Available       11749.53-
 TALLAHASSEE     FL  32308     First Sale : 1/26/2004 Risk    . . . :
 Bill To   . :         319947  Dunning Level . . :    Cr. Analyst
 MANNA CAFE INC.               Dunning Date           Collector :
 Contact STEPHEN DUGGAR                 8506681968    D&B Rating Curr :
            DATE        AMOUNT        CHECK NO        D&B Rating Prev :
 Last Sale  8/21/2006              .00                Terr/MA : S243  /
 Last Cash  1/11/2007          500.00  0000001525  BT Terms CASH OR CHECK ON
 Prev Cash 12/20/2006          500.00  0000001483  BT Stmt Pol . . :    WEEK
    CURRENT                .00        Open Item Balance:        14749.53
    1 TO   07             .00  NOTES  Cash on Account :          3000.00 BT
    OVER   07             .00         AR Balance . . :          11749.53
    OVER   14             .00  Shp _  Past Due . . . :          14749.53
    OVER   21             .00  Co  _  Amt to Collect :          11749.53
    OVER   28             .00  N/A _  Disputed Items :               .00
    OVER   35        11749.53  Ent _  Debit Memos . :           14749.53
 AGED TOTAL          11749.53         Credit Memos  . :              .00
 _____
 F2=Function keys   F3=Exit   F4=Prompt   F5=Credit  F24=More keys
```

PLAINTIFF'S EXHIBIT B

```
 1/25/07    13:46:20         Credit Inquiry              ARGCCD02   ARDCCD02
Co   164  + Shp        319947  + Sort MANNA CAFE INC.   CR.Limit              .00
MANNA CAFE INC.                +++ Sts..: ON STOP       Expires . :
3507 THOMASVILLE ROAD              Base Currency . :  USD Available     77914.55-
TALLAHASSEE     FL  32308         First Sale : 5/30/2002 Risk  . . . . :
Bill To    . :         319947  Dunning Level . . :     Cr. Analyst
MANNA CAFE INC.                    Dunning Date         Collector :
Contact STEPHEN DUGGAR                 8506681968       D&B Rating Curr :
              DATE       AMOUNT       CHECK NO          D&B Rating Prev :
Last Sale 10/31/2006      114.24                        Terr/MA : S243    /
Last Cash  1/11/2007      500.00  0000001525   BT       Terms COD - NO SIGN
Prev Cash 12/20/2006      500.00  0000001483   BT       Stmt Pol  . . :   WEEK
    CURRENT              .00             Open Item Balance:      77914.55
    1 TO   07            .00     NOTES   Cash on Account :            .00  BT
    OVER   07            .00             AR Balance  . . :       77914.55
    OVER   14            .00     Shp __  Past Due  . . . :       77914.55
    OVER   21            .00     Co  __  Amt to Collect  :       77914.55
    OVER   28            .00     N/A __  Disputed Items  :            .00
    OVER   35       77914.55     Ent __  Debit Memos . . :            .00
AGED TOTAL        (77914.55)            Credit Memos  . :          59.54-

F2=Function keys  F3=Exit  F4=Prompt  F5=Credit  F24=More keys
```

| 378364 | MANNA CAFE PROMISSORY NOTE | 1/22/2007 | | 319947 | MANNA CAFE REGULAR ACCT | | |
|---|---|---|---|---|---|---|---|
| | 510180075M | 10/18/05 | $ 4,797.02 | | 604210066 | 4/21/06 | $ 51.19 |
| | 510190849M | 10/19/05 | $ 171.96 | | 605010046 | 5/01/06 | $ 4,835.32 | Leave open bal of 2273.87 |
| | 510210090M | 10/21/05 | $ 6,060.18 | | 605030138 | 5/03/06 | $ 1,943.94 |
| | 510210091M | 10/21/05 | $ 363.68 | | 605050066 | 5/05/06 | $ 5,274.65 |
| | 510210681M | 10/21/05 | $ 140.00 | | 605080043 | 5/08/06 | $ 2,724.21 |
| | 510240079M | 10/24/05 | $ 2,815.49 | | 605100120 | 5/10/06 | $ 1,716.85 |
| | 510250094M | 10/25/05 | $ 5,846.48 | | 605110080 | 5/11/06 | $ 1,914.31 |
| | 510261012M | 10/26/05 | $ 36.54 | | 605120347 | 5/12/06 | $ 6,613.35 |
| | 510270887M | 10/27/05 | $ 7,772.19 | Leave open bal of 1903.50 | 605150045 | 5/15/06 | $ 2,292.61 |
| | 510271485M | 10/27/05 | $ 17.98 | | 605160060 | 5/16/06 | $ 1,299.76 |
| | 0711163PUM | 10/28/05 | $ (3,030.62) | | 605180084 | 5/18/06 | $ 394.77 |
| | 510281153M | 10/28/05 | $ 81.66 | | 605190070 | 5/19/06 | $ 3,443.11 |
| | 510289115M | 10/28/05 | $ 221.36 | | 606190071 | 6/19/06 | $ 3,526.32 |
| | 510310006M | 10/31/05 | $ 3,970.25 | | 606200060 | 6/20/06 | $ 168.23 |
| | C/M 0710981PUM | 11/01/05 | $ (45.00) | | 606200265 | 6/20/06 | $ 174.69 |
| | D/M 511010247M | 11/01/05 | $ 1,274.40 | | 606200280 | 6/20/06 | $ 55.16 |
| | D/M 511030932M | 11/03/05 | $ 6,451.07 | | 606200305 | 6/20/06 | $ 5.80 |
| | D/M 511041249M | 11/04/05 | $ 260.71 | | 606210102 | 6/21/06 | $ 1,494.99 |
| | D/M 511041296M | 11/04/05 | $ 414.60 | | 606230094 | 6/23/06 | $ 3,070.44 |
| | C/M PAYMENTM 0007 | 12/14/05 | $ (924.42) | | 606230317 | 6/23/06 | $ 29.98 |
| | C/M NOTEMPAYMENT | 12/19/05 | $ (1,000.00) | | 606260050 | 6/26/06 | $ 3,736.23 |
| | C/M NOTEMPAYMEN0001 | 12/21/05 | $ (1,000.00) | | 606270057 | 6/27/06 | $ 1,124.05 |
| | C/M PAYMENTM 0008 | 1/03/06 | $ (1,000.00) | | 606280111 | 6/28/06 | $ 794.47 |
| | C/M PAYMENTM 0009 | 1/04/06 | $ (1,000.00) | | 606280501 | 6/28/06 | $ 277.33 |
| | C/M NOTEMPAYMEN0002 | 1/11/06 | $ (1,000.00) | | 606290082 | 6/29/06 | $ 2,752.79 |
| | INV PAYMENT | 5/04/06 | $ (1,000.00) | | 0019820PU | 6/30/06 | $ (59.54) |
| | C/M PAYMENT | 7/06/06 | $ (1,000.00) | | 606300088 | 6/30/06 | $ 216.98 |
| | INV PAYMENT | 8/04/06 | $ (1,000.00) | | 607040373 | 7/04/06 | $ 59.98 |
| | INV PAYMENT | 8/21/06 | $ (1,000.00) | | 607060043 | 7/06/06 | $ 3,952.11 |
| | | | $ 27,849.53 | | 607070096 | 7/07/06 | $ 230.91 |
| 1 | Apply acredits to the open balance. | | | 607070739 | 7/07/06 | $ 138.68 |
| 2 | Apply on account cash | | $ (16,100.00) | | 607070745 | 7/07/06 | $ 138.66 |
| | Adjusted Note Balance | | $ 11,749.53 | | 607080058 | 7/08/06 | $ 179.94 |
| | | | | | 607089019 | 7/08/06 | $ 199.00 |
| | | | | | 607100093 | 7/10/06 | $ 19.00 |
| | | | | | 607100094 | 7/10/06 | $ 847.72 |
| | | | | | 607110109 | 7/11/06 | $ 277.74 |
| | | | | | 607120165 | 7/12/06 | $ 829.00 |
| | | | | | 607120197 | 7/12/06 | $ 751.43 |
| | | | | | 607120203 | 7/12/06 | $ 114.94 |
| | | | | | 607130221 | 7/13/06 | $ 662.98 |
| | | | | | 607140201 | 7/14/06 | $ 1,584.73 |
| | | | | | 607140364 | 7/14/06 | $ 120.23 |
| | | | | | 607150091 | 7/15/06 | $ 234.22 |
| | | | | | 607150095 | 7/15/06 | $ 175.78 |
| | | | | | 607159021 | 7/15/06 | $ 374.93 |

| Invoice # | Date | Amount |
|---|---|---|
| 607170065 | 7/17/06 | $ 4,578.03 |
| 607180074 | 7/18/06 | $ 2,673.09 |
| 607180623 | 7/18/06 | $ 49.98 |
| 607190085 | 7/19/06 | $ 690.37 |
| 607190140 | 7/19/06 | $ 299.95 |
| 607200237 | 7/20/06 | $ 941.74 |
| 607200339 | 7/20/06 | $ 258.98 |
| 607200365 | 7/20/06 | $ 13.74 |
| 607200457 | 7/20/06 | $ 38.47 |
| 607210070 | 7/21/06 | $ 2,321.85 |
| 607210215 | 7/21/06 | $ 33.98 |
| 607240066 | 7/24/06 | $ 2,560.82 |
| 607250240 | 7/25/06 | $ 66.45 |
| 607250243 | 7/25/06 | $ 85.01 |
| 607270296 | 7/27/06 | $ 326.78 |
| 608010064 | 8/01/06 | $ 22.99 |
| 608010295 | 8/01/06 | $ 1,163.86 |
| 608010308 | 8/01/06 | $ 388.00 |
| 608250131 | 8/25/06 | $ 0.01 |
| 609050141 | 9/05/06 | $ 19.99 |
| 609280315 | 9/28/06 | $ 3,096.00 |
| 609290052 | 9/29/06 | $ (71.09) |
| 610260363 | 10/26/06 | $ 89.98 |
| 610310716 | 10/31/06 | $ 114.24 |
|  |  | $ 80,527.19 |
| 1 | Apply on acct cash | $ (2,612.64) |
|  | Balance Owing | $ 77,914.55 |

Total amount owing: $ 89,664.08

Last payment 1-11-07
1-22-07 Called attorney to send demand letter.