**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | |
|---|---|
| SYSCO FOOD SERVICES – GULF COAST, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MANNA CAFÉ, INC. and STEPHEN E. DUGGAR, JR., | ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO: 1:07-CV-00374

**NOTICE OF ADMISSION**

COMES NOW the Plaintiff, SYSCO Food Services – Gulf Coast, Inc., and shows unto this Court the following:

1. On August 13, 2007, Plaintiff served Requests for Admissions upon Defendants Manna Café, Inc. and Stephen E. Duggar, Jr. (See Request for Admissions, attached hereto as Exhibit "A".)

2. The thirty day time period prescribed by Rule 36 of the Federal Rules of Civil Procedure for answering the Requests for Admissions has passed.

3. To date, Defendants have failed to respond to the Requests for Admissions.

4. Pursuant to Rule 36, the matters set forth in the Requests for Admissions are deemed admitted.

WHEREFORE, Plaintiff hereby notifies this Court that the matters set forth in Plaintiff's Requests for Admissions are admitted.

        /s/ G. Baron Coleman
G. BARON COLEMAN
Attorney for the Plaintiff
SYSCO Food Services – Gulf Coast, Inc.

OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama  36101-0239
Telephone:	(334) 264-9472
Facsimile:	(334) 264-9599

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following parties via U.S. Mail, postage prepaid, on this the 18th day of September, 2007.

Manna Café, Inc.
3507 Thomasville Road
Tallahassee, FL  32308

Stephen Duggar, Jr.
3343 Bodmin Drive
Tallahassee, FL  32317

        /s/ G. Baron Coleman
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| SYSCO FOOD SERVICES - GULF, COAST, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO.: 1:07-CV-00374 ) |
| MANNA CAFÉ, INC. and STEPHEN E. DUGGAR, JR., | ) ) ) |
| Defendants. | ) ) ) ) |

## NOTICE TO CLERK OF FILING DISCOVERY

TO:   Honorable Debra P. Hackett, Clerk
      United States District Court for the Middle District of Alabama
      Post Office Box 711
      Montgomery, AL 36101-0711

    PLEASE TAKE NOTICE that the undersigned has on the 13th day of August, 2007, Plaintiff Sysco Food Services – Gulf Coast, Inc. served on counsel for all parties the following discovery documents:

       ( )   Interrogatories to Plaintiff
       ( )   Request for Production to Plaintiff
       ( )   Defendant's Request for Admissions to Plaintiff
      (X)   Plaintiff's Request for Admissions to Defendant
      ( )   Response to Request for Admissions
      ( )   Notice of Intent to Serve Subpoena
      ( )   Defendant's Notice of Deposition of Plaintiff

1


PLAINTIFF'S EXHIBIT A

                                              /s/ G. Baron Coleman
                                        G. BARON COLEMAN (COL135)
                                        Attorney for the Plaintiff Sysco Food
                                        Services – Gulf Coast, Inc.

OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama  36101-0239
Telephone:    (334) 264-9472
Facsimile:    (334) 264-9599

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing mail on all counsel of record as listed below by placing a copy thereof, in the United States mail, postage prepaid, on this the 13th day of August, 2007:

Manna Café, Inc.
3507 Thomasville Road
Tallahassee, FL  32308

Stephen E. Duggar, Jr.
3343 Bodmin Drive
Tallahassee, FL  32317


              /s/ G. Baron Coleman
              OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| SYSCO FOOD SERVICES – GULF COAST, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MANNA CAFÉ, INC. and STEPHEN E. )<br>DUGGAR, JR., )<br>)<br>Defendants. ) | CIVIL ACTION NO: 1:07-CV-00374 |

## REQUEST FOR ADMISSIONS

COMES NOW the Plaintiff, SYSCO Food Services - Gulf Coast, Inc., by and through the undersigned counsel, and requests that the Defendants answer the following Request for Admissions:

1. Admit or deny the authenticity of the Credit Application and Terms and Conditions, attached hereto as Exhibit A.

2. Admit or deny Exhibit A contains the signature of Stephen E. Duggar, Jr.

3. Admit or deny Exhibit A is admissible in the above-styled cause.

4. Admit or deny the authenticity of the Aged Trial Balance, attached hereto as Exhibit B.

5. Admit or deny Exhibit B is admissible in the above-styled cause.

6. Admit or deny the authenticity of the Promissory Note dated December 15, 2005, attached hereto as Exhibit C.

7. Admit or deny Exhibit C contains the signature of Stephen E. Duggar, Jr.

8. Admit or deny Exhibit C is admissible in the above-styled cause.

        /s/ G. Baron Coleman
G. BARON COLEMAN
Attorney for the Plaintiff
SYSCO Food Services – Gulf Coast, Inc.

OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, AL  36101-0239
Telephone:    (334) 264-9472
Facsimile:     (334) 264-9599

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following parties via U.S. Mail, postage prepaid, on this the 13th day of August, 2007.

Manna Café, Inc.
3507 Thomasville Road
Tallahassee, FL  32308

Stephen Duggar, Jr.
3343 Bodmin Drive
Tallahassee, FL  32317

/s/ G. Baron Coleman
OF COUNSEL

## SHIPPING AND BILLING ADDRESSES:

**SHIP TO:** MANNA CAFE INC
(DBA) TRADE NAME: 3507 Thomasville Rd
ADDRESS: TALL, Fl 32308
PHONE NO.: 850-668-1968

**BILL TO:** SAME

## TELL US THE FACTS ABOUT YOUR BUSINESS:

NEW OWNER? ☒ YES ☐ NO  PURCHASE DATE 4/1/02  LENGTH OF PRESENT OWNERSHIP SAME
BUILDING/FACILITIES: ☒ OWNED ☐ LEASED  OWNER'S NAME Stephen Duggar

☐ PROPRIETORSHIP ☐ PARTNERSHIP ☐ LIMITED PARTNERSHIP ☒ CORPORATION ☐ LIMITED LIABILITY COMPANY ☐ NON-PROFIT

### PROVIDE THE FOLLOWING INFORMATION FOR INDIVIDUAL PROPRIETORS, GENERAL PARTNERS OR CORPORATE OFFICERS:

NAME AND TITLE: Stephen Duggar Pres.
HOME ADDRESS: 1342 Pawnee Pt Ct.
CITY, STATE, ZIP: TALL, Fl 32312
HOME PHONE NO.: 850-893-0001
SOCIAL SECURITY NO.: 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
DRIVER'S LICENSE NO.: D260-785-74-099-1

## LET US KNOW WHAT YOU NEED FROM US:

TYPE OF BUSINESS: ☒ RESTAURANT/FINE DINING ☐ FAST FOODS ☐ FAMILY ☐ INSTITUTIONAL ☐ HOTEL/MOTEL ☐ SEATING CAP. ___ ☐ OTHER ___ ☐ HOSPITAL ☐ NURSING HOME  NUMBER OF BEDS ___

GENERAL INFORMATION: WEEKLY PURCHASES $15,000.00  MONTHLY SALES VOLUME $___  NUMBER OF EMPLOYEES ___

TERMS REQUESTED: ☐ COD ☒ WEEKLY ☐ ___

## FILL US IN ON WHO YOUR BANKER IS:

BANK NAME: PREMIER
ADDRESS: ___  CITY, STATE, ZIP: TALL, Fl
LOAN OFFICER: JACK KANE
PHONE NO.: ___
CHECKING (ACCOUNT NO.): 0630000 21 20000  BALANCE: ___  LOANS (ACCOUNT NO.): 13963077  BALANCE: ___

## GIVE US A FEW REFERENCES, FOOD DISTRIBUTORS PREFERRED:

BUSINESS NAME: Sysco Food Svcs - JAX
STREET ADDRESS: *WHARF REST*
CITY, STATE, ZIP: 191676

PLAINTIFF'S EXHIBIT A

# TERMS AND CONDITIONS

This Customer Account Application ("Application") is made to Sysco Corporation; The Sygma Network, Inc.; FreshPoint, Inc. and each of their respective subsidiaries and affiliates (collectively "Sysco") for the purpose of inducing Sysco to extend credit accommodations to the Applicant named below and in accordance with the following terms:



1. Upon approval of this Application, Sysco, in its sole discretion, and notwithstanding any request of Applicant, shall have the right to terminate Applicant's credit privileges under this Application at any time without prior notice to Applicant, except as otherwise provided by law.

2. All purchases by Applicant of goods and/or services from Sysco will be made in accordance with the terms and conditions of this Application and any invoices and/or other documents evidencing Applicant's obligations to Sysco, all of which are incorporated herein by this reference.

3. The entire outstanding balance due to Sysco on all invoices shall become due in full immediately upon default in the payment of any invoice. Applicant agrees to pay interest in the amount of 1.5% per month, or the highest rate permitted by law, whichever is less, on any past due amounts until collected, and Applicant agrees to pay all costs of collection incurred by Sysco, including attorneys' fees and expenses, should a default in payment or any other obligation of Applicant to Sysco occur.

4. If this Application is not fully approved or if any other adverse action is taken with respect to Applicant's credit with Sysco, Applicant has the right to request within 60 days of Sysco's notification of such adverse action, a statement of specific reasons for such action, which statement will be provided within 30 days of said request. To obtain the statement of specific reasons, please contact our credit department. The Federal Equal Credit Opportunity Act prohibits creditors from discrimination against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance programs; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning the creditor is the Federal Trade Commission, Washington, D.C.

5. This Application and all transactions between Applicant and Sysco shall be governed by and interpreted in accordance with the laws and decisions of the state where Sysco's operating company which provided this Application is located, without regard to the conflicts of law provisions thereof and all actions and proceedings arising from, relating to or in connection with this Application shall be subject to the exclusive jurisdiction of said state.

6. If Applicant ceases doing business with Sysco for any reason, Applicant will immediately purchase from Sysco all remaining proprietary/special order items in Sysco's inventory.

7. Applicant expressly agrees that Sysco shall not be responsible for any product nonconformity as to quantity, quality, or price, unless noted on the original delivery receipt at the time of delivery or unless Sysco is notified in writing of any such nonconformity within three (3) days of delivery, by certified mail return receipt requested.

9. Except as to quantity of goods ordered, no terms and conditions set forth in any purchase order or other form of Applicant will apply to sales by Sysco to Applicant.

The approximate initial amount of credit that Applicant requires per month shall not be binding upon Sysco, nor shall Sysco incur liability by granting, reducing, increasing or refusing such amount. Applicant hereby certifies that the information furnished under this Application and any other financial statements furnished in connection herewith, is true and correct and that this information is being furnished to Sysco for the purpose of inducing Sysco to extend credit to Applicant, and understands that Sysco intends to rely upon such information. Applicant understands and agrees to be bound by the above terms and all invoices and other documents furnished by Sysco from time to time, all of which are incorporated herein by reference, and to advise Sysco of any material change in the information provided herein, including but not limited to, change of ownership, address or telephone number. Applicant understands that Sysco will retain this Application whether or not it is approved. Applicant hereby authorizes Sysco to check Applicant's and Applicant's principals' credit history and trade, bank and personal references (whether or not referenced in this application ) for customary credit information, to confirm the information contained on this Application, including but not limited to, sending a copy hereof to the trade and bank references, and to release information to other creditors regarding Applicant's credit experience with Sysco.

APPLICANT: [FULL FIRM NAME] MANNA CAFE INC.

BY AUTHORIZED AGENT: [PRINTED NAME & TITLE] Stephen Duggar - President

X _____ (SIGNATURE & DATE) 5-5-02

## INDIVIDUAL PERSONAL GUARANTEE

The undersigned, ("Guarantor"), having a financial interest in Applicant, and benefiting from the transactions contemplated by this Application, hereby personally guaranties the payment by Applicant to Sysco Corporation; The Sygma Network, Inc.; FreshPoint, Inc. and each of their respective subsidiaries and affiliates (collectively "Sysco") of all amounts due and owing now, and from time to time hereafter from Applicant to Sysco (the "Liabilities"). Guarantor expressly waives notice from Sysco of its acceptance and reliance on this Guarantee, notice of sales made to Applicant, and notice of default by Applicant. The obligations of Guarantor hereunder shall not be affected, excused, modified or impaired upon the happening, from time to time of any event. No set-off, counterclaim or reduction of any obligation, or any defense of any kind or nature which Guarantor has or may have against Applicant or Sysco shall be available hereunder to Guarantor against Sysco. In the event of a default by Applicant on its obligations to Sysco, Sysco may proceed directly to enforce its rights hereunder and shall have the right to proceed first against Guarantor, without proceeding with or exhausting any other remedies. Guarantor in consideration of Sysco extending financial accommodation to Applicant, hereby waives and relinquishes any rights of indemnification, contribution, reimbursement or exoneration which may be asserted against Applicant if Guarantor performs his or her obligations under this guarantee and Guarantor understands the benefit of such rights. Guarantor agrees to pay all fees, costs and expenses, including reasonable attorneys' fees, which may be incurred by Sysco in enforcing this Guarantee or protecting its rights following any default on the part of Guarantor. This Guarantee shall be binding upon Guarantor and Guarantor's heirs, successors, assigns, representatives and survivors, and shall inure to the benefit of Sysco; and its affiliates and may be assigned by Sysco without notice to Guarantor. A certified letter to Sysco - Jacksonville is required to remove any person(s) from the liability of the Terms & Conditions Agreement and the Individual Personal Guarantee. This Guarantee shall be governed by and interpreted under the laws and decisions of the state where Sysco's operating company which provided this Application is located, without regard to the conflicts of law provisions thereof (the "Applicable State"). Guarantor and Sysco irrevocably agree, and hereby consent and submit to the non-exclusive jurisdiction of any state or federal court located in the Applicable State with regard to any actions or proceedings arising from, relating to or in connection with the Liabilities and this Guarantee. If executed by more than one, the obligations of Guarantor shall be joint and several and all references to the singular shall be deemed in the plural.

PRINT NAME _____    SIGNATURE & DATE _____

PRINT NAME _____    SIGNATURE & DATE _____

USE OF A CORPORATE TITLE SHALL IN NO WAY LIMIT THE PERSONAL LIABILITY OF THE PERSONAL GUARANTEE SIGNATORY.

## AUTHORIZATION FOR CREDIT REPORT

The undersigned is executing this Authorization for Credit Report individually for the purpose of authorizing Sysco to obtain a consumer credit report from time to time on the undersigned individual(s) through credit and consumer reporting agencies or other sources, in order to further evaluate the creditworthiness of such individual in connection with the credit evaluation process and the proposed extension of business credit to the Applicant. The undersigned, as an individual, hereby knowingly consents to the use of such credit report in accordance with the federal fair credit reporting act as contained in 15 U.S.C. 1681, et seq., as amended from time to time.

PRINT NAME Stephen Duggar    SIGNATURE & DATE X _____ -5-5-02

For Sysco's Use Only

SALES REPRESENTATIVE NAME Scott Russell    SIGNATURE & DATE Scott Russell  5/6/02

```
1/25/07    13:46:20              Credit Inquiry                    ARGCCD02   ARDCCDC2
Co   164 + Shp _____  319947 - Sort MANNA CAFE INC.    CR.Limit                   .00
MANNA CAFE INC.            +++ Sts.: ON STOP            Expires . :
3507 THOMASVILLE ROAD          Base Currency . :   USD  Available           77914.55-
TALLAHASSEE    FL   32308      First Sale : 5/30/2002   Risk    . . . . :
Bill To  . :          319947   Dunning Level . . :     Cr. Analyst
MANNA CAFE INC.                Dunning Date            Collector :
Contact STEPHEN DUGGAR                 8506681968      D&B Rating Curr :
             DATE        AMOUNT         CHECK NO       D&B Rating Prev :
Last Sale 10/31/2006      114.24                       Terr/MA : S243    /
Last Cash  1/11/2007      500.00  0000001525   BT      Terms COD - NO SIGN
Prev Cash 12/20/2006      500.00  0000001483   BT      Stmt Pol . . :    WEEK
    CURRENT         .00                  Open Item Balance:     77914.55
    1 TO   07       .00         NOTES    Cash on Account :           .00   BT
    OVER   07       .00                  AR Balance  . . :       77914.55
    OVER   14       .00     Shp  __      Past Due . . . . :      77914.55
    OVER   21       .00     Co   __      Amt to Collect   :      77914.55
    OVER   28       .00     N/A  __      Disputed Items   :           .00
    OVER   35  77914.55     Ent  __      Debit Memos . . :            .00
AGED TOTAL  (77914.55)                   Credit Memos  . :         59.54-
F2=Function keys   F3=Exit   F4=Prompt   F5=Credit   F24=More keys
```

PLAINTIFF'S
EXHIBIT
B

SEU

```
1/25/07    13:46:20              Credit Inquiry                  ARGCCD02    ARDCCD02

Co   164 - Shp         379364 - Sort MANNA CAFE PROMI  CR.Limit              .00
MANNA CAFE PROMISSORY NOTE      Sts.: ON STOP          Expires . :
3507 THOMASVILLE ROAD           Base Currency . :  USD Available         11749.53-
TALLAHASSEE     FL  32308       First Sale : 1/26/2004 Risk  . . . . :
Bill To  . :         319947     Dunning Level . . :    Cr. Analyst
MANNA CAFE INC.                 Dunning Date           Collector :
Contact STEPHEN DUGGAR                  8506681968     D&B Rating Curr :
              DATE        AMOUNT      CHECK NO         D&B Rating Prev :
Last Sale  8/21/2006          .00                      Terr/MA : S243  /
Last Cash  1/11/2007       500.00  0000001525  BT      Terms CASH OR CHECK ON
Prev Cash 12/20/2006       500.00  0000001483  BT      Stmt Pol . . :   WEEK
   CURRENT            .00              Open Item Balance:    14749.53
  1 TO  07           .00      NOTES    Cash on Account :      3000.00  BT
  OVER  07           .00               AR Balance  . . :     11749.53
  OVER  14           .00      Shp _    Past Due  . . . :     14749.53
  OVER  21           .00      Co  _    Amt to Collect  :     11749.53
  OVER  28           .00      N/A _    Disputed Items  :          .00
  OVER  35      11749.53      Ent _    Debit Memos . . :     14749.53
AGED TOTAL     11749.53                Credit Memos  . :          .00

F2=Function keys   F3=Exit    F4=Prompt    F5=Credit   F24=More keys
```

| 378364 MANNA CAFE PROMISSORY NOTE | 1/22/2007 | | |
|---|---|---|---|
| 5101800075M | 10/18/05 | $ | 4,797.02 |
| 5101908849M | 10/19/05 | $ | 171.96 |
| 5102100900M | 10/21/05 | $ | 6,060.18 |
| 5102100091M | 10/21/05 | $ | 363.68 |
| 5102106881M | 10/21/05 | $ | 140.00 |
| 5102400079M | 10/24/05 | $ | 2,815.49 |
| 5102550094M | 10/25/05 | $ | 5,846.48 |
| 5102610012M | 10/26/05 | $ | 36.54 |
| 5102700887M | 10/27/05 | $ | 7,772.19 | Leave open bal of 1903.50
| 5102701485M | 10/27/05 | $ | 171.98 |
| 0711163PUM | 10/28/05 | $ | (3,030.62) |
| 5102801153M | 10/28/05 | $ | 81.66 |
| 5102891115M | 10/28/05 | $ | 221.36 |
| 5103100006M | 10/31/05 | $ | 3,970.25 |
| C/M 0710981PUM | 11/01/05 | $ | (45.00) |
| D/M 5110100247M | 11/01/05 | $ | 1,274.40 |
| D/M 5110300932M | 11/03/05 | $ | 6,451.07 |
| D/M 5110412449M | 11/04/05 | $ | 260.71 |
| C/M 5110412966M | 11/04/05 | $ | 414.60 |
| C/M PAYMENTM 0007 | 12/14/05 | $ | (924.42) |
| C/M NOTEMPAYMENT | 12/19/05 | $ | (1,000.00) |
| C/M NOTEMPAYMENT0001 | 12/21/05 | $ | (1,000.00) |
| C/M PAYMENTM 0008 | 1/03/06 | $ | (1,000.00) |
| C/M PAYMENTM | 1/04/06 | $ | (1,000.00) |
| C/M NOTEMPAYMENT0002 | 1/11/06 | $ | (1,000.00) |
| INV PAYMENT | 5/04/06 | $ | (1,000.00) |
| C/M PAYMENT | 7/06/06 | $ | (1,000.00) |
| INV PAYMENT | 8/04/06 | $ | (16,100.00) |
| INV PAYMENT | 8/21/06 | $ | 27,849.53 |

1. Apply acredits to the open balance
2. Apply on account cash
   Adjusted Note Balance  $ 11,749.53

| 319947 MANNA CAFE REGULAR ACCT | | | |
|---|---|---|---|
| 6042100066 | 4/21/06 | $ | 51.19 |
| 6050100046 | 5/01/06 | $ | 4,835.32 | Leave open bal of 2273.87
| 6050300138 | 5/03/06 | $ | 1,943.94 |
| 6050500066 | 5/05/06 | $ | 5,274.65 |
| 6050800043 | 5/08/06 | $ | 2,724.21 |
| 6050100120 | 5/10/06 | $ | 1,716.85 |
| 6051100080 | 5/11/06 | $ | 1,914.31 |
| 6051200347 | 5/12/06 | $ | 6,613.35 |
| 6051500045 | 5/15/06 | $ | 2,292.61 |
| 6051600060 | 5/16/06 | $ | 1,299.76 |
| 6051800084 | 5/18/06 | $ | 394.77 |
| 6051900700 | 5/19/06 | $ | 3,443.11 |
| 6061900071 | 6/19/06 | $ | 3,526.32 |
| 6052000265 | 6/20/06 | $ | 168.23 |
| 6052000280 | 6/20/06 | $ | 174.69 |
| 6062000305 | 6/20/06 | $ | 55.16 |
| 6052100102 | 6/21/06 | $ | 1,494.99 |
| 6052300094 | 6/23/06 | $ | 3,070.44 |
| 6062300317 | 6/23/06 | $ | 29.98 |
| 6062600050 | 6/26/06 | $ | 3,736.23 |
| 6062700057 | 6/27/06 | $ | 1,124.05 |
| 6062800111 | 6/28/06 | $ | 794.47 |
| 6062800501 | 6/28/06 | $ | 277.33 |
| 6062900082 | 6/29/06 | $ | 2,752.79 |
| 0019820PU | 6/30/06 | $ | (59.54) |
| 6063000088 | 6/30/06 | $ | 216.98 |
| 6070400373 | 7/04/06 | $ | 3,952.11 |
| 6070600043 | 7/06/06 | $ | 59.98 |
| 6070700096 | 7/07/06 | $ | 230.91 |
| 6070700739 | 7/07/06 | $ | 138.68 |
| 6070700745 | 7/07/06 | $ | 138.66 |
| 6070800258 | 7/08/06 | $ | 179.94 |
| 6070800019 | 7/08/06 | $ | 199.00 |
| 6071000093 | 7/10/06 | $ | 19.00 |
| 6071000094 | 7/10/06 | $ | 847.72 |
| 6071100109 | 7/11/06 | $ | 277.74 |
| 6071200165 | 7/12/06 | $ | 829.00 |
| 6071200197 | 7/12/06 | $ | 751.43 |
| 6071200203 | 7/12/06 | $ | 114.94 |
| 6071300221 | 7/13/06 | $ | 662.98 |
| 6071400201 | 7/14/06 | $ | 1,584.73 |
| 6071400364 | 7/14/06 | $ | 120.23 |
| 6071500091 | 7/15/06 | $ | 234.22 |
| 6071500095 | 7/15/06 | $ | 175.78 |
| 6071500021 | 7/15/06 | $ | 374.93 |

| Invoice | Date | Amount |
|---|---|---|
| 607170065 | 7/17/06 | $ 4,578.03 |
| 607180074 | 7/18/06 | $ 2,673.09 |
| 607180623 | 7/18/06 | $ 49.98 |
| 607190085 | 7/19/06 | $ 690.37 |
| 607190140 | 7/19/06 | $ 299.95 |
| 607200237 | 7/20/06 | $ 941.74 |
| 607200339 | 7/20/06 | $ 258.98 |
| 607200365 | 7/20/06 | $ 13.74 |
| 607200457 | 7/20/06 | $ 38.47 |
| 607210070 | 7/21/06 | $ 2,321.85 |
| 607210215 | 7/21/06 | $ 33.98 |
| 607240066 | 7/24/06 | $ 2,560.82 |
| 607250240 | 7/25/06 | $ 66.45 |
| 607250243 | 7/25/06 | $ 85.01 |
| 607270296 | 7/27/06 | $ 326.78 |
| 608010064 | 8/01/06 | $ 22.99 |
| 608010295 | 8/01/06 | $ 1,163.86 |
| 608010308 | 8/01/06 | $ 388.00 |
| 608250131 | 8/25/06 | $ 0.01 |
| 609050141 | 9/05/06 | $ 19.99 |
| 609280315 | 9/28/06 | $ 3,096.00 |
| 609290052 | 9/29/06 | $ (71.09) |
| 610260363 | 10/26/06 | $ 89.98 |
| 610310716 | 10/31/06 | $ 114.24 |
|  |  | $ 80,527.19 |
|  |  | $ (2,612.64) |
|  |  | $ 77,914.55 |

Apply on acct cash
Balance Owing

Total amount owing: $ 89,664.08

Last payment 1-11-07
1-22-07 Called attorney to send demand letter.



## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned jointly and severally promise(s) to pay to the order of Sysco Food Services-Jacksonville, Inc. at Post Office Box 37045, Jacksonville, Florida 32236-7045, or at such places as the holder(s) of this note may designate in writing, the principal sum of Thirty-Seven Thousand Seven Hundred Sixty-One and 16/100 Dollars ($37,761.16) together with interest thereon at the rate of 12% per annum on the unpaid balance.

Payment shall be made in the amount of no less than $1,000.00 weekly continuing consecutively each week until the balance is paid in full. The initial payment is due on the date of acceptance of this agreement.

Interest charges will post to the account on a monthly basis and will be due one week from the date on which they are posted to the account.

If default be made in the payment of any installment under this note, and if such default is not made good within five (5) days written notice the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder(s) of this note.

Failure to exercise this option shall not constitute a waiver of the right to exercise the same at a later time for the same default or for any subsequent default. Presentment, protest and notice are hereby waived.

This promissory note is intended by the parties only as additional security for their terms agreement and does not constitute a novation or otherwise replace or modify the terms set forth therein.

_____  12-15-05   BY _____  12/15/05
Witness           Date         Early Duggar       Date
                               Individually

_____  12-15-05   BY _____  12/15/05
Witness           Date         Early Duggar       Date
                               Manna Café, Inc.
                               3507 Thomasville Road
                               Tallahassee, FL 32308

PLAINTIFF'S
EXHIBIT
C

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

August 14, 2007

## NOTICE OF NON-COMPLIANCE

To:     ALL COUNSEL OF RECORD

Case Style:  Sysco Food Services- Gulf Coast, Inc. v. Manna Cafe, Inc. et al

Case Number:  1:07cv00374-WKW

Referenced Pleading:  NOTICE of Filing and REQUEST for Admissions

Docket Entry Number:  20 & 21

The referenced pleadings were electronically filed on \*\*\*August 13, 2007\*\*\* in this case and are not in compliance with the local rules and/or administrative procedures of this court.

\*\*\*\*\*\*These pleadings are discovery and are not allowed pursuant to Local Rule 5.1 NON-FILING OF CIVIL DISCOVERY.

These pleadings are hereby STRICKEN from the record and the parties are instructed to disregard the entry of these pleadings on the court's docket. Parties should be aware that the striking of these entries does not affect their responsibilities as to the discovery process.